UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 3 0 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Dontavious "Tay" Smith, )
)
    Plaintiff, )
)
v. ) Civil Action No. 14 - 1109
)
President Barack Obama *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

    This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

    Plaintiff is a resident of Cocoa, Florida. He sues President Barack Obama in his official capacity, Attorney General Eric Holder in his official capacity, various United States agencies, and Florida's Governor Rick Scott in his official capacity for violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.* Under the doctrine of sovereign immunity, the federal government is subject to suit only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). "Congress [has] not waive[d] the United States' sovereign immunity for suits for treble damages under the RICO Act," *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 263 (D.D.C. 2013) (citing

*Norris v. Dep't of Defense*, No. 96–5326, 1997 WL 362495, at *1 (D.C. Cir. May 5, 1997)), and "sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Similarly, the Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] Plaintiff's RICO claim against Governor Scott in his official capacity is, too, foreclosed. *See Vierria v. California Highway Patrol*, 664 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009) (citing *Alden v. Maine*, 527 U.S. 706, 727 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Finally, to the extent that plaintiff is asserting tort claims against the federal defendants separate from the RICO statute, he has not indicated that he has exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA") by "first present[ing] the claim to the appropriate Federal agency....," 28 U.S.C. § 2675, and this exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996); *see also Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). Furthermore, the Eleventh Amendment shields any such claims against Governor Scott in his official capacity and the complaint's allegations simply do not support a personal-capacity claim against him or, for that matter, against President

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

Obama and Attorney General Holder. Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge
J. Boasberg

June 27, 2014